N. G. PENNIMAN v. J. H. DANIEL.

*Appearance—Jurisdiction.*

1. A general appearance by counsel cures all antecedent irregularity in the service of process, and puts the defendant in Court, just as if he had been personally served with process.
2. Where it is desired to take advantage of any defect in the service of process, a special appearance should be entered for that purpose.

PENNIMAN v. DANIEL.

3. So, where a defendant demurred because he had not been properly served, but a general appearance was entered by his counsel; *It was held*, that the appearance waived any irregularity in the service, and the demurrer was properly overruled.

(*Wheeler* v. *Cobb*, 75 N. C., 21, cited and approved.)

This was a CIVIL ACTION, tried before *Clark, Judge*, at May Term, 1886, of CATAWBA Superior Court.

The action was brought to recover the balance due on a prommissory note, made by the defendant to the plaintiff.

The plaintiff and defendant were both non-residents of this State.

On the 14th day of March, 1883, the plaintiff sued out a summons against the defendant, which was returned " not to be found," and on the same day the plaintiff sued out a warrant of attachment against the defendant, which was levied upon certain real and personal property of the defendant.

The case was continued from Term to Term, until January Term, 1886, when an order of publication was made for the defendant to be and appear at the next Term of the Superior Court, then and there to plead, answer or demur to the complaint.

The defendant demurred to the complaint, and for cause of demurrer showed:

I. That this is a civil action founded on a note for the payment of money, and the plaintiff and defendant were at the commencement of the action both non-residents of the State of North Carolina, and no personal service of the summons in this action has ever been made upon defendant, and no service at all, except an attempted service by publication, and therefore he says that this Court has no jurisdiction of his person, and he asks judgment that the plaintiff take nothing by his summons, that the defendant go without day, and recover his cost of this action.

The case coming on to be heard upon the [complaint and demurrer thereto filed, and upon agreement of counsel,

it was adjudged by the Court that the demurrer be overruled. It was further adjudged that the defendant have leave to file an answer to the plaintiff's complaint. From this judgment the defendant appealed.

*Mr. M. L. McCorkle,* for the plaintiff.
*Mr. L. L. Witherspoon,* for the defendant.

ASHE, J. (after stating the facts.) The defendant demurs to the complaint upon the ground that both he and the plaintiff are non-residents of the State, and there has been no personal service of the summons upon him, and no service at all, except an attempted service of the summons by publication, which he insists gives the Court no jurisdiction of his person.

But the defendant has filed this demurrer, and did so by his attorneys, who must have made an appearance for him to do so. The appearance, for aught that appears, is unqualified, and the reasonable construction is, that it was a general appearance, that is, for all purposes, otherwise the counsel would have asked leave of the Court to make a special appearance, which cures all antecedent irregularity in the process, and places the defendant upon the same ground as if he had been personally served with process. *Wheeler* v. *Cobb,* 75 N. C., 21; and the cases there cited.

We are of the opinion there was no error.

Let this opinion be certified to the Superior Court of Catawba County, that further proceedings may be had according to law.

No error.                                              Affirmed.