CLAUDE GRANT v. ELLA EARLY GRANT.

(Filed 18 September, 1912.)

1. Special Appearance—Jurisdiction—General Appearance.

A special appearance may only be entered for the purpose of moving to dismiss for want of jurisdiction, and when it is made for the purpose of a motion to remove the cause to another county, the appearance is general, by whatever name the party may designate it.

2. Same—Waiver.

A party by entering a general appearance in an action remedies any irregularity in the service of the summons on him.

3. Divorce—Pleadings—Verification—Waiver.

An objection that a complaint, in an action for divorce, has not been verified in accordance with Revisal, sec. 1569, is jurisdictional.

4. Divorce—Pleadings—Verification—Amendments—Courts.

When the verification of the complaint in an action for divorce avers the truth of the matters therein in the usual form, and then

sets forth the statutory requirements as to levity and collusion, etc., and especially when the complaint alleges no facts on information and belief, the verification will not be held as fatally defective; but, if otherwise, it may be remedied by an amendment allowed by the court which complies with the statute.

APPEAL by defendant from *Cline, J.,* at April Term, 1912, of NORTHAMPTON.

This is an action, commenced in Bertie County, to obtain an absolute divorce, and at the return term of the summons the defendant, through counsel, filed the following motion:

"The defendant, by her attorneys, appears specially in this action and moves to dismiss this action for want of jurisdiction of this court, for the following causes:

"1. That at the time this action was begun the plaintiff was not a resident of this county, but a resident of the county of Northampton, North Carolina, and is still a resident of that county.

"Wherefore the defendant prays that this action be dismissed; but if the court be of opinion that the defendant is not entitled to have this action dismissed, then that it be removed to said Northampton County for trial."

His Honor refused to dismiss the action, but found as a fact that the plaintiff was a resident of Northampton County, and on motion of the defendant, based on affidavits of Alex. Lassiter and others, filed by her, removed the action for trial in that county.

The defendant excepted and appealed.

One of the affidavits filed in support of the motion was made by the father of the defendant, in which, among other things, he says:

That he is the father of the defendant, Ella Early Grant, and that she left this State last summer to make her residence and domicile in a distant State beyond the borders of this State, where she still resides.

That she has written to him expressing a strong desire to be at this term of this court, but was unable to reach here in time to be present during this term.

159—34

That if the case is removed to Northampton County, N. C., for trial, she can be at the next term of the Superior Court of that county; but if not removed, but continued to the next term of this court, she can be present at that term.

When the action was called for trial in Northampton County, the defendant, through her counsel, filed the following motion:

"The defendant, Ella E. Grant, appears specially and through her attorneys, Winborne & Winborne and J. H. Kerr, alone to move and do hereby move to dismiss this action, for the following reasons:

"1. Because the summons has not been legally served, and this court has not acquired jurisdiction of the defendant.

"2. That the court has not jurisdiction of this action."

The motion was denied, and the defendant excepted.

The motion to dismiss for want of jurisdiction is based upon the alleged failure to verify the complaint as required by Revisal, sec. 1563.

The verification is as follows:

Claude Grant maketh oath that he is the plaintiff in the above-entitled cause, and that the foregoing complaint is true of his own knowledge, except as to those matters therein stated on information and belief, and as to them he believes it to be true; that the said complaint is not made out of levity or by collusion between plaintiff and his wife, nor for the mere purpose of being freed and separated from each other, but in sincerity and truth for the causes mentioned in the complaint; that the facts set forth in the complaint as grounds for divorce have existed to his knowledge at least six months prior to the bringing of this action and filing this complaint, and he has been a resident of the State of North Carolina for more than two years next immediately preceding the filing of this complaint and bringing of this action.          CLAUDE GRANT.

Sworn to and subscribed before me, this November 16, 1911.

W. L. LYON,
*Clerk Superior Court.*

After the denial of the motion, the defendant entered a general appearance and moved for a continuance.

GRANT v. GRANT.

There was verdict and judgment for the plaintiff, and the defendant appealed.

*Peebles & Harris and Winston & Matthews for plaintiff.*
*Winborne & Winborne for defendant.*

ALLEN, J. The effect of special and general appearances is fully considered in the learned opinion of *Justice Walker* in *Scott v. Life Association,* 137 N. C., 517, in which it is held that a special appearance cannot be entered except for the purpose of moving to dismiss for want of jurisdiction, and that if the motion affects the merits, the appearance is general; and it is there said: "The test for determining the character of an appearance is the relief asked, the law looking to its substance rather than to its form. If the appearance is in effect general, the fact that the party styles it a special appearance will not change its real character. 3 Cyc., pp. 502, 503. The question always is, what a party has done, and not what he intended to do. If the relief prayed affects the merits or the motion involves the merits, and a motion to vacate a judgment is such a motion, then the appearance is in law a general one."

It follows from this statement of the law that the appearance in Bertie for the purpose of making a motion to remove the action to Northampton County was general, although styled special, and if so, it cured any defects in the process and gave the court jurisdiction of the person of the defendant.

If, however, there was any doubt upon this question, it appears in the record that the defendant afterwards formally entered a general appearance in Northampton and moved for a continuance, which made a service of the summons unnecessary.

The other ground for the motion to dismiss is on account of alleged defects in the verification of the complaint.

It is true, as contended by the defendant, that an objection to the verification of a complaint in an action for divorce is jurisdictional (*Hopkins v. Hopkins,* 132 N. C., 23; *Johnson v. Johnson,* 142 N. C., 462), but in our opinion the verification in this case substantially complies with the statute, and particularly as the complaint alleges no facts on information and belief, but if it did not, the judge states that the plaintiff is

allowed to amend the affidavit of verification by adding, "That the facts set forth in the complaint are true to the best of affiant's knowledge and belief," which conforms to the words of the statute.    This disposes of both appeals.

There is no error.

Affirmed.