R. L. McCOLLUM v. SID STACK.

(Filed 29 October, 1924.)

**1. Actions—Appearance—Courts—Jurisdiction—Waiver.**

An appearance is general when the defendant answers to the merits of the case and thus acknowledges the jurisdiction of the court by whatever name, whether special or otherwise, the pleader calls it, and all defects in the service of the summons are thereby waived by him.

McCollum v. Stack.

**2. Same—Appeal—Exceptions.**

Where a defendant enters a special appearance for the purpose of a motion to dismiss the action, he loses whatever right he may thereby have acquired by failing to except to the order of court denying his motion, and may also acquiesce in the jurisdiction of the court by his conduct thereafter.

APPEAL by plaintiff from *Lane, J.*, at November Term, 1923, of ROCKINGHAM.

. The facts are stated in the opinion.

*Ivie, Trotter & Johnston for plaintiff.*
*Leland Stanford for defendant.*

ADAMS, J. The plaintiff instituted an action in a justice's court and sued out a warrant of attachment against the defendant for the recovery of $200 alleged to be due for goods sold and delivered. The defendant appeared by his counsel and moved to vacate the warrant of attachment on the ground that the affidavit, the undertaking, and the warrant were defective. The motion was overruled and the defendant without excepting filed a written answer. Thereafter on defendant's motion the cause was continued and on the day set for the hearing he demanded a trial by jury. After another continuance the case was tried and the issues were answered and judgment was rendered in favor of the plaintiff. The defendant appealed to the Superior Court and after several other continuances the case came on for hearing when the defendant, assuming to enter a special appearance, moved to vacate the attachment and dismiss the action. The motion was denied at that time, but during the trial it was ascertained that the summons and warrant of attachment had been served on Sunday, and the judge, holding that the service was void, dismissed the action; whereupon the plaintiff appealed to the Supreme Court.

It is not denied that the magistrate issued the summons and the warrant of attachment. If, then, the defendant entered a general appearance and submitted himself to the jurisdiction of the court it is immaterial whether or not the summons was actually served. If he made a general appearance it is likewise immaterial for the present purpose whether the service was void or merely irregular and voidable. C. S., 3958 and 768 (5); *Cowles v. Brittain,* 9 N. C., 204; *Bland v. Whitfield,* 46 N. C., 122; *S. v. Ricketts,* 74 N. C., 187, 192; *Devries v. Summit,* 86 N. C., 126, 131; *White v. Morris,* 107 N. C., 93.

Upon the facts appearing in the record we are of opinion the defendant's appearance was general, not special. The pretended special appear-

ance in the magistrate's court was limited to a motion to vacate the warrant of attachment; nothing was then said in reference to dismissing the action. When the motion to vacate the attachment was overruled no exception was noted, but a written answer was filed, and the jurisdiction of the magistrate was not questioned. "The court will not hear a party upon a special appearance except for the purpose of moving to dismiss an action or to vacate a judgment for want of jurisdiction, and the authorities seem to hold that such a motion cannot be coupled with another based upon grounds which relate to the merits. An appearance for any other purpose than to question the jurisdiction of the court is general." *School v. Peirce,* 163 N. C., 424, 429. Again, in *Motor Co. v. Reaves,* 184 N. C., 260, 262: "Said an able and learned judge (*Justice Mitchell*), in *Gilbert v. Hall,* 115 Ind., 549: 'A special appearance may be entered for the purpose of taking advantage of any defect in the notice or summons, or to question the jurisdiction of the court over the person in any other manner; but filing a demurrer or motion, which pertains to the merits of the complaint or petition, constitutes a full appearance, and is hence a submission to the jurisdiction of the court. Whether an appearance is general or special does not depend on the form of the pleading filed, but on its substance. If a defendant invoke the judgment of the court in any manner upon any question, except that of the power of the court to hear and decide the controversy, his appearance is general." There are cases where the defendant may make a *quasi* appearance for the purpose of objecting to the manner in which he is brought before the court, and, in fact, to show that he is not legally there at all, but if he ever appears to the merits he submits himself completely to the jurisdiction of the court, and must abide the consequences. If he appears to the merits, no statement that he does not will avail him, and if he makes a defense which can only be sustained by an exercise of jurisdiction, the appearance is general, whether it is in terms limited to a special purpose or not. *Nichols v. The People,* 165 Ill., 502; 2 Enc. Pl. and Pr., 625." See, also, *Barnhardt v. Drug Co.,* 180 N. C., 436; *Currie v. Mining Co.,* 157 N. C., 209, 220; *Scott v. Life Asso.,* 137 N. C., 515.

In the judgment rendered in the Superior Court there is a recital that the defendant through his counsel had entered a special appearance and had moved "to dismiss the summons and warrant of attachment"; but since he had entered a general appearance in the magistrate's court, had filed an answer, had appealed from a judgment rendered on the merits, and had consented to a continuance in the Superior Court he could not by the use of a phrase transform the nature of his previous

acts. "If the appearance is in effect general, the fact that the party styles it a special appearance will not change its real character." *Scott v. Life Asso., supra.*

If, however, the defendant's appearance had been special and the motion in the magistrate's court had been addressed to the dismissal of the action, he would have been in no better situation, because he did not except to the denial of his motion. *Allen-Fleming Co. v. R. R.,* 145 N. C., 37, 41; *Moody v. Moody,* 118 N. C., 926.

By making a general appearance and filing an answer upon the merits the defendant waived any defect in the service of the summons. The statute provides that the voluntary appearance of a defendant is equivalent to personal service of the summons. C. S., 490. Pursuing the subject the Court said in *Harris v. Bennett,* 160 N. C., 339: "The record of the proceeding for the sale of the land, which was made a part of the same, discloses that a summons was issued, but not served, but that the defendants named in the writ came in and answered. This is equivalent to appearance, and waives the service of process, the object of which is to bring the defendants into court and to subject them personally, by service of the writ, to its jurisdiction. If they come in voluntarily and appear or answer, the same result is accomplished. A general appearance cures all defects and irregularities in the process. *Wheeler v. Cobb,* 75 N. C., 21; *Penniman v. Daniel,* 95 N. C., 341; *Roberts v. Allman,* 106 N. C., 391; *Moore v. R. R.,* 67 N. C., 209."

The judgment dismissing the action is
Reversed.