W. D. BETHELL v. B. F. LEE.

(Filed 13 May, 1931.)

**Process B c—Statutory requirements of affidavit for service by publication held substantially complied with in this case.**

Our statute allowing service of summons by publication, C. S., 484, providing among other things that it be made to appear to the satisfaction of the court by affidavit that the person to be served "cannot after due diligence be found in the State" is in derogation of the common law, and its requirements must be substantially complied with, and *held:* where the summons has been duly returned "defendant not to be found in the State," and at the time of its issuance it was alleged in a verified complaint and in supporting affidavits that the cause of action was for money had and received, and that the defendant was beyond the limits of the State, and was a resident of another State, the statute was substantially complied with and the validity of the service is upheld.

CIVIL ACTION, before *Finley, J.,* at November Term, 1930, of ROCKINGHAM.

The evidence tended to show that on 4 June, 1921, B. F. Lee instituted a civil action against George W. Bethell. On 6 June, 1921, the sheriff returned the summons with the following entry: "Not to be found in Rockingham County." On the same day the plaintiff filed a complaint alleging "that the defendant is a resident of the State of Virginia, residing in the city of Norfolk." And further, "that the

defendant, George W. Bethell, is indebted to the plaintiff in the sum of $4,218.50, and interest thereon from 1 July, 1920; that no part of said debt has been paid to satisfy the entire amount, but the entire amount is still due and owing to the plaintiff by the defendant; that there are no offsets or counterclaims in favor of defendant and against the plaintiff on account of said debt." On the same day the plaintiff Lee made an affidavit as follows: "That he is about to commence an action against the above-named defendant for the purpose of recovering $4,218.50, with interest from 1 July, 1920; that the said defendant is a nonresident of the State of North Carolina and is beyond. the reach of process issuing from the courts of said State." On the same day the plaintiff Lee filed another affidavit as follows: "That George W. Bethell, the defendant, is justly indebted to B. F. Lee, the plaintiff, in the sum of $4,218.50, with interest from 1 July, 1920, as nearly as he can ascertain same over and above all discounts, setoffs and counterclaims which the said defendant has against him, which said debt arose from breach of contract on the part of the defendant, whereby the said defendant failed and refused to pay the plaintiff and his assignor the said sum of $4,218.50, with interest from 1   July, 1920, which said sum of money was due this plaintiff and his assignor for money paid by the plaintiff and his assignor to the use of defendant; that the said George W. Bethell is a nonresident of the State of North Carolina and has been for several years; that the said George W. Bethell is the owner of certain real estate situated in the State of North Carolina, the value of which being sufficient to satisfy the claim of this plaintiff. Wherefore, this plaintiff prays the court for a warrant of attachment authorizing the seizure under said attachment of any and all property owned by the said George W. Bethell to the end that the claims of this plaintiff may be satisfied."

Thereupon, on 6 June, 1921, the clerk of the Superior Court made the following order: "It appearing to the court from the affidavit of the plaintiff filed in the above-entitled cause that the defendant, George W. Bethell, is a nonresident of the State of North Carolina, and is beyond the reach of process issuing from the courts of this State, and it further appearing from said affidavit that the said B. F. Lee has a good cause of action against the said Geo. W. Bethell:

It is, therefore, ordered that notice of this action be published once a week for four weeks in *Madison Messenger,* a newspaper published in Rockingham County, setting forth the title of the action and stating the names of the parties and amount of the claim, the issuing of the attachment and a brief recital of the subject-matter and nature of the suit, and requiring the defendant to appear before the clerk of the Superior Court of Rockingham County, at his office in Wentworth, on 12 July, 1921, and answer or demur to the complaint of the said plaintiff."

It appears that a proper notice of summons and warrant of attachment was duly published as required by law.

Thereafter, on 7 January, 1924, the clerk of the Superior Court entered the following judgment: "This cause coming on to be heard before the undersigned, and it appearing that the defendant has been properly served with notice of this action by publication as provided for by law, and it further appearing that the plaintiff has filed a duly verified complaint, and that from said complaint it appears that the defendant is indebted to the plaintiff in the sum of four thousand two hundred eighteen and 50/100 dollars, with interest from 1 June, 1921, a warrant of attachment was issued against the property of the defendant, and that pursuant to said warrant of attachment on the following described tract of land: Lying and being in Ruffin Township, Rockingham County, State of North Carolina, and containing 356 acres, and adjoining the lands of J. M. Walsh, the Alverson Place, and the lands of Charlie Yates, and being known as the Chandler Mill Tract. The part of the said land of which was levied on being all the right, title and interest of George W. Bethell. It is, therefore, ordered, considered and adjudged that the plaintiff recover of the defendant the sum of four thousand two hundred eighteen and 50/100 dollars, and interest from 1 July, 1930, and the costs of this action. And it is further ordered, considered and adjudged that this judgment is a specific lien on the above-described tract of land as to all right, title and interest of the said defendant, George W. Bethell, and it is further ordered, considered and adjudged that execution be issued against said land to satisfy said judgment."

Subsequently, on 10 August, 1929, George W. Bethell and wife conveyed his interest in the land described in the judgment in the case of Lee *v.* Bethell, to W. D. Bethell, the plaintiff in the present action, and this deed was duly recorded. Thereafter, on 11 November, 1929, the plaintiff, W. D. Bethell, brought the present suit against B. F. Lee, alleging that the judgment of Lee *v.* Bethell, rendered on 7 January, 1924, was irregular, null and void; that the attachment in said action was irregular and void, and that the said judgment constituted a cloud upon plaintiff's title. Wherefore, he prays that the judgment entitled B. F. Lee *v.* George W. Bethell be canceled and declared null and void."

When the cause came on for hearing the record disclosed that the court was of the opinion that the affidavits offered in the attachment suit of Lee *v.* Bethell "were insufficient as a matter of law, upon which to base an order for summons to be made by publication and to issue warrant of attachment." The court further charged the jury that if they believed the evidence they would answer the issues in favor of plaintiff.

Upon the verdict, judgment was rendered that the warrant of attachment in the action of B. F. Lee *v.* George W. Bethell "with its purported

or attempted service, is void and of no legal force and effect and that the same likewise be canceled and held for naught." It was further ordered that the judgment and attachment proceeding cast a cloud upon plaintiff's title and said proceedings were ordered stricken from the record.

From judgment so rendered the defendant appealed.

*Wm. Reid Dalton for plaintiff.*
*Glidewell, Dunn & Gwyn for defendant.*

BROGDEN, J. The vital question of law presented by the record is whether the attachment proceedings in the case of F. B. Lee v. Geo. W. Bethell were valid.

Attachment is a statutory remedy in derogation of common law, and hence must be strictly construed. Notwithstanding, substantial compliance with the requirements of the statute is sufficient. *Best v. British & American Co.,* 128 N. C., 351; *Page v. McDonald,* 159 N. C., 38.

It is to be noted that the summons in the attachment suit was returned by the sheriff "not to be found in Rockingham County." Nothing else appearing, this return would be insufficient to support a service of summons by publication because C. S., 484, requires that it must appear to the satisfaction of the court by affidavit that the person to be served "cannot after due diligence be found in the State." *Sawyer v. Drainage District,* 179 N. C., 182. But was a summons necessary in the first instance? The record discloses that at the time of instituting the suit on 4 June, 1921, the plaintiff Lee filed a verified complaint and two affidavits. The verified complaint alleges that the defendant, Geo. W. Bethell, was a resident of the State of Virginia, residing in the city of Norfolk. In one affidavit it was stated that said defendant was a "nonresident of the State of North Carolina and is beyond the reach of process issuing from the courts of said State." In another affidavit filed at the same time, it was stated "that the said Geo. W. Bethell is a nonresident of the State of North Carolina and has been for several years."

The principle of law applicable to such facts is clearly stated by McIntosh in North Carolina Practice and Procedure, section 800, page 926, as follows: "But where it clearly appears to the court, by affidavit, that the defendant is nonresident and cannot be personally served, the affidavit and order for publication will take the place of the summons, and this to be followed by seizure of property, and publication gives the court jurisdiction, without going through the useless formality of issuing a summons and having the sheriff make the return that the defendant is not to be found." The text is wholly supported by the au-

thorities cited, to wit: *Grocery Co. v. Bag Co.,* 142 N. C., 174; *Mills v. Hansel,* 168 N. C., 651; *Jenette v. Hovey & Co.,* 182 N. C., 30. See, also, *Mohn v. Cressey,* 193 N. C., 568; *Lemly v. Ellis,* 143 N. C., 200; *Hess, Rogers & Co. v. Brower,* 76 N. C., 428; *Luttrell v. Martin,* 112 N. C., 593.

The affidavit in the case at bar states that the cause of action is for breach of contract for money had and received; that the defendant had been a nonresident of the State for several years and is a resident of the State of Virginia and not subject to the process of the courts of North Carolina. The notice of summons and warrant of attachment states that the cause of action is to recover a specific sum for money had and received, and also sets out the time and place of the return of summons and warrant of attachment.

Upon the whole record the court is of the opinion that a substantial compliance with the statutes is disclosed and the judgment is

Reversed.