W. N. DENTON ET AL. v. JOHN VASSILIADES ET AL.

(Filed 24 November, 1937.)

**1. Process § 5—Affidavit for service by publication must aver that defendant cannot be found, after due diligence, in the State.**

While a substantial compliance with C. S., 484, will suffice for service by publication, the statutory affidavit must aver that defendant cannot be found, after due diligence, in the State, and this must be made to appear to the satisfaction of the court, and an averment that defendants are nonresidents, or that summons was duly issued, and returned by the sheriff with endorsement, "Defendant, after due diligence and search, cannot be found in the" county, is insufficient, and service of process by publication based upon such affidavit is void, and the court obtains no jurisdiction over the person of defendant by such service.

**2. Appearance § 1—**

Where service by publication is void for having been issued upon a defective affidavit, defendant may properly enter a special appearance and move to vacate the attempted service of process, or to dismiss for want of jurisdiction for failure of any valid process.

APPEAL by defendants from *Sinclair, J.,* at August Term, 1937, of WAKE.

Civil action for specific performance.

The plaintiffs are residents of Wake County. The defendants are residents of the state of Missouri. The action is to enforce specific performance of contract to sell house and lot in the city of Raleigh.

Service of process is sought to be had on affidavit made by counsel for plaintiffs "that summons, duly issued and delivered to the sheriff of

Wake County, has been returned by the sheriff with endorsement, 'The defendants, after due diligence and search, cannot be found in Wake County,'" filing of *lis pendens,* and order of service of summons by publication.

The defendants, through counsel, entered a special appearance and moved to dismiss for want of jurisdiction, alleging that said defendants had not been brought into court by any proper service. Motion overruled. Defendants appeal.

*John W. Hinsdale for plaintiffs, appellees.*
*Briggs & West for defendants, appellants.*

STACY, C. J. Without debating the question whether *lis pendens* may be used instead of attachment in service of process where the defendants are nonresidents of the State, suffice it to say the affidavit filed by plaintiffs' attorney in the instant case is insufficient to procure service of summons by publication. *Martin v. Martin,* 205 N. C., 157, 170 S. E., 651. It is not averred in the affidavit, as required by C. S., 484, that the defendants "cannot, after due diligence, be found in the State." This is an essential requirement, and it must be made to appear "to the satisfaction of the court." *Bethell v. Lee,* 200 N. C., 755, 158 S. E., 493; *Sawyer v. Drainage District,* 179 N. C., 182, 102 S. E., 273; *Luttrell v. Martin,* 112 N. C., 593, 17 S. E., 573; *Bacon v. Johnson,* 110 N. C., 114, 14 S. E., 508.

To say that the defendants "cannot, after due diligence, be found in Wake County" (and it may be doubted whether the affidavit even avers this much) is far from saying that they "cannot, after due diligence, be found in the State." It is not enough to aver that the defendants are nonresidents. *Davis v. Davis,* 179 N. C., 185, 102 S. E., 270. *Non constat* that they may not be frequent visitors to the State and amenable to process while here. *Hill v. Lindsay,* 210 N. C., 694, 188 S. E., 406.

Speaking to the requirement of the statute in *Grocery Co. v. Bag Co.,* 142 N. C., 174, 55 S. E., 90, *Walker, J.,* delivering the opinion of the Court, said: "By the evidence to satisfy the court was meant not the sheriff's return on the summons, for if it had been the statute would have been so worded; and let us ask here, How could the fact that the defendant could not be found in the State—for that is the requisite condition of publication—be determined only by the return of the sheriff that he cannot be found in his county, when there are now in the State ninety-seven counties in all? It was intended that it should appear only in the way pointed out in the statute—that is, by affidavit. The affi-

davit is made the initial step in the case, and the order of publication based upon it is the leading process."

"The mere issuing of a summons to the sheriff of the county of Pasquotank and his endorsement upon it the same day after it came to hand, that 'the defendant is not found in my county,' is no compliance whatever with the law." *Bynum, J.,* in *Wheeler v. Cobb,* 75 N. C., 21.

In *Fowler v. Fowler,* 190 N. C., 536, 130 S. E., 315, it was held that service of summons by publication, on a defective affidavit, was ineffectual to bring the defendant into court. Indeed, it is elementary that unless one named as a defendant has been brought into court in some way sanctioned by law, or makes a voluntary appearance in person or by attorney, a judgment rendered against him is void for want of jurisdiction. *Downing v. White,* 211 N. C., 40, 188 S. E., 815; *Dunn v. Wilson,* 210 N. C., 493, 187 S. E., 802; *Spence v. Granger,* 207 N. C., 19, 175 S. E., 824; *Harrell v. Welstead,* 206 N. C., 817, 175 S. E., 283; *Graves v. Reidsville Lodge,* 182 N. C., 330, 109 S. E., 29.

Substantial compliance with the requirements of the statute will, of course, suffice. *Martin v. Martin, supra; Bethell v. Lee, supra; Best v. Mortgage Co.,* 128 N. C., 351, 38 S. E., 923; *Page v. McDonald,* 159 N. C., 38, 74 S. E., 642. But the inadequacy of the present affidavit is manifest from the decisions above cited.

The defendants have been well advised in their procedure: Special appearance and motion to vacate attempted service of process, or to dismiss for want of jurisdiction. *Buncombe County v. Penland,* 206 N. C., 299, 173 S. E., 609; *Smith v. Haughton, ibid.,* 587, 174 S. E., 506; *McCollum v. Stack,* 188 N. C., 462, 124 S. E., 864; *Motor Co. v. Reaves,* 184 N. C., 260, 114 S. E., 175; *Jenette v. Hovey,* 182 N. C., 30, 108 S. E., 301; *Brown v. Taylor,* 174 N. C., 423, 93 S. E., 982; *School v. Peirce,* 163 N. C., 424, 79 S. E., 687; *Grant v. Grant,* 159 N. C., 528, 75 S. E., 734; *Warlick v. Reynolds,* 151 N. C., 606, 66 S. E., 657; *Vick v. Flournoy,* 147 N. C., 209, 60 S. E., 978; *Scott v. Life Assn.,* 137 N. C., 515, 50 S. E., 221; *Cooper v. Wyman,* 122 N. C., 784, 29 S. E., 947, 65 A. S. R., 731; *Clark v. Mfg. Co.,* 110 N. C., 111, 14 S. E., 518; *Wheeler v. Cobb, supra;* McIntosh N. C. P. & P., sec. 328. The appeal, it will be noted, is from an order overruling a motion to dismiss, not upon the ground of irregularity or defective service of process, but for an alleged failure of any valid service of process at all, resulting in a want of jurisdiction over the defendants. *R. R. v. Cobb,* 190 N. C., 375, 129 S. E., 828; *Lunceford v. Association, ibid.,* 314, 129 S. E., 805; *Reich v. Mortgage Corp.,* 204 N. C., 790, 168 S. E., 814; *Accident Co. v. Davis,* 213 U. S., 245.

The motion to dismiss should have been allowed.

Error.