STATE *v.* BALLARD; McLEOD *v.* McLEOD.

*Attorney-General McMullan and Assistant Attorney-General Patton for the State.*

*H. Paul Strickland and M. O. Lee for Harnett County Board of Education, appellee.*

*Neill McK. Salmon and H. L. Mangum for defendant, appellant.*

PER CURIAM. The only exceptive assignments of error contained in the record are directed to the judgment against the individual defendants. We do not concede that a judgment upon an appearance bond does not bear interest. G. S., 24-5 (C. S., 2309). Even so, the individual defendants are the ones affected. If the defendant Bond Company is required to pay interest it will be required to do so by virtue of the terms of the statute. It cannot present here a contention in behalf of the other defendants. There is no merit in the appeal. The judgment below is

· Affirmed.

---

### STATE v. FRANK BALLARD.

(Filed 22 March, 1944.)

APPEAL by defendant from *Williams, J.,* at November Term, 1943, of HARNETT.

Criminal prosecution tried upon indictment charging the defendant of assault with intent to commit rape.

Verdict: Guilty. Judgment: Imprisonment in the State's Prison for a term of not less than ten or more than fifteen years.

Defendant appeals, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*Neill McK. Salmon for defendant.*

PER CURIAM. After a careful consideration of defendant's exceptive assignments of error, we are of opinion they are without sufficient merit to disturb the verdict below.

In the trial below, we find

No error.

---

### CHESTER B. McLEOD v. MARY STUDEBAKER McLEOD.

(Filed 22 March, 1944.)

APPEAL by plaintiff from *Frizzelle, J.,* at April Term, 1943, of WAYNE.

REDDICK v. BUTLER.

Civil action for absolute divorce upon ground of two years separation, heard upon motion, under G. S., 1-220, formerly C. S., 600, to set aside judgment rendered herein at February Term, 1943, of Wayne. But it appearing upon the face of the record that affidavit for publication of notice of summons is fatally defective for that it fails to state that "defendant cannot, after due diligence, be found in the State," the court being of opinion that the trial court acquired no jurisdiction over defendant and that hence the judgment rendered in the action is void, so adjudged, and vacated and annulled the judgment to which the motion related.

Plaintiff appeals therefrom to Supreme Court and assigns error.

*J. Faison Thomson for plaintiff, appellant.*
*Claude C. Canaday for defendant, appellee.*

PER CURIAM. The record fails to show error in the judgment below. G. S., 1-98, formerly C. S., 484. *Denton v. Vassiliades,* 212 N. C., 513, 193 S. E., 737.

Affirmed.

---

WILLIE MAE GIBSON REDDICK AND HUSBAND, JOHN REDDICK, AND HILL GIBSON, v. RALPH U. BUTLER AND GLOSTER GIBSON.

(Filed 29 March, 1944.)

APPEAL by defendants from *Ervin, Special Judge,* at October Term, 1943, of CALDWELL.

*L. H. Wall and Hal B. Adams for defendants, appellants.*
*W. H. Strickland and Hunter Martin for plaintiffs, appellees.*

PER CURIAM. This case was brought by plaintiffs to have a trust in their favor declared upon lands formerly belonging to them, but now held by one of the defendants, Butler, under a tax deed, which plaintiffs say was procured through fraud or conspiracy between the defendants while it was the duty of Butler to pay the tax. The defendants demurred to the complaint as not stating a cause of action, and the demurrer was overruled, from which judgment defendants appealed.

The Court is of the opinion that the demurrer was properly overruled. Since no new principles of·law are involved and there is nothing unique in their application discussion of whch would be useful to the profession, we do not deem a formal opinion necessary.

The judgment overruling the demurrer is
Affirmed.