FLORINE JONES McCOY v. THOMAS McCOY, JR.

No. 7510DC921

(Filed 7 April 1976)

**Rules of Civil Procedure § 4; Process § 10— service of process by publication — necessity for issuance of summons**

    Issuance of a summons is not essential to validity of service of process by publication made pursuant to G.S. 1A-1, Rule 4(j)(9)c upon a party to a civil action whose address, whereabouts, dwelling house or usual place of abode is unknown and cannot with due diligence be ascertained.

APPEAL by plaintiff from *Bullock, Judge.* Judgment entered 15 October 1975 in District Court, WAKE County. Heard in the Court of Appeals 11 March 1976.

On 13 June 1975 plaintiff-wife filed her verified complaint in this action seeking an absolute divorce. She alleged that she and defendant-husband separated on 3 June 1974 with intent to remain permanently separated and since that date have continued to live separate and apart from each other. She also alleged her residence in Wake County and in North Carolina for more than six months immediately preceding institution of this action and that "defendant's address, whereabouts, dwelling house or usual place of abode is unknown by plaintiff, and with due diligence cannot be ascertained."

No summons was issued. On 29 July 1975 plaintiff filed two affidavits: (1) her own affidavit in which she stated that she last saw her husband in December 1974; that the trailer in which he lived, which was his last address known to plaintiff, was repossessed and hauled away in November or December 1974; that in an effort to locate him she twice visited his mother and sister in June 1975 and was told his whereabouts was unknown to them; and that defendant's address, whereabouts, dwelling house or usual place of abode is unknown and cannot with due diligence be ascertained; (2) affidavit of an official of the newspaper company showing publication of notice of service of process in this action in the Raleigh Times once a week for three successive weeks commencing on 16 June 1975.

On 15 October 1975 the District Court entered judgment making findings of fact on the basis of which the Court concluded as a matter of law that all provisions of G.S. 1A-1, Rule 4(j)(9)c were complied with by plaintiff in this action

---

McCoy v. McCoy

---

with the exception that no summons was issued. The Court concluded that due diligence for service by publication required the issuance of a summons, and adjudged that plaintiff's action be dismissed for lack of jurisdiction over defendant. Plaintiff appealed.

   *Crisp, Bolch, Smith & Clifton by Joyce L. Davis for plaintiff appellant.*

   *No counsel contra.*

   PARKER, Judge.

   This case presents the question: Is issuance of a summons essential to validity of service of process by publication made pursuant to G.S. 1A-1, Rule 4(j)(9)c upon a party to a civil action whose "address, whereabouts, dwelling house or usual place of abode is unknown and cannot with due diligence be ascertained?" We hold that it is not.

   Since 1 January 1970, the effective date of our Rules of Civil Procedure, a civil action is no longer commenced by issuance of summons but by filing a complaint with the court. G.S. 1A-1, Rule 3. Even under our former practice, when in general a civil action was commenced by issuance of summons (See G.S. 1-88, repealed effective 1 January 1970), no summons was required when service was by publication. Interpreting the statutes formerly in effect, our Supreme Court held that "a civil action shall be commenced by issuing a summons, except in cases where the defendant is not within reach of the process of the court and cannot be personally served, when it shall be commenced by the filing of the affidavit to be followed by publication." *Grocery Company v. Bag Company,* 142 N.C. 174, 179, 55 S.E. 90, 92 (1906). In that case our Supreme Court expressly overruled a prior decision and held, p. 182, that "[t]he defendant's objection to the publication based on the fact that a summons had not been issued cannot be sustained." Later cases were in accord; see, e.g., *Mills v. Hansel,* 168 N.C. 651, 85 S.E. 17 (1915); *Mohn v. Cressy,* 193 N.C. 568, 137 S.E. 718 (1927); *Bethell v. Lee,* 200 N.C. 755, 158 S.E. 493 (1931); *Voehringer v. Pollock,* 224 N.C. 409, 30 S.E. 2d 374 (1944). In some of these decisions holding no summons was required where it clearly appeared to the court by affidavit that defendant could not be personally served, the opinion of our Supreme Court characterized the issuing of a summons in such cases and

McCoy v. McCoy

having the sheriff make the return that the defendant was not to be found as being a "useless formality." The statute formerly in effect, G.S. 1-98, permitted service by publication only when the person to be served by publication could not after "due diligence" be found in the State. By the decisions in the cases above cited, our Supreme Court held that "due diligence" did not require performance of a useless formality.

Adoption of our new Rules of Civil Procedure has made no change in our practice in this regard. Rule 4(j)(9)c, which sets forth the procedure for service of process by publication, reads in pertinent part as follows:

"c. Service by publication.—A party subject to service of process under this subsection (9) may be served by publication whenever the party's address, whereabouts, dwelling house or usual place of abode is unknown and cannot with due diligence be ascertained, *or* there has been a diligent but unsuccessful attempt to serve the party under either paragraph a or under paragraph b or under paragraphs a and b of this subsection (9)." (Emphasis added.)

This subparagraph appears in Rule 4(j), which deals with the manner of service of process to exercise personal jurisdiction. It is noteworthy that every subparagraph of Rule 4(j) speaks of or clearly contemplates "delivering a copy of the summons and of the complaint," with the sole exception of subparagraph c of subsection (9) quoted above. The omission of any reference to a summons in subparagraph 9(c) is, we think, significant. Had the Legislature intended to make a change in our practice so as to require the "useless formality" of issuance of a summons and return thereon that defendant was not to be found in the county as a prerequisite to validity of a service by publication, surely some reference to a summons would have been made in subparagraph 9(c) as it was in all other subparagraphs of Rule 4(j). It should also be noted that subparagraph 9(c) is itself expressed in the disjunctive; it does not require a showing *both* that the whereabouts of the party to be served cannot with due diligence be ascertained *and* that there has been a diligent but unsuccessful attempt to serve him under one of the preceding subparagraphs of subsection (9) under which a summons would necessarily have been issued.

We see no reason why, now more than formerly, due diligence should require performance of a useless formality. Noth-

ing in the Rules of Civil Procedure indicates that the Legislature intended that it should. Logical interpretation of the language employed suggests strongly to the contrary.

The judgment dismissing plaintiff's action is reversed and this case is remanded to the District Court for further proceedings not inconsistent herewith.

Reversed and remanded.

Judges BRITT and CLARK concur.