EARL J. BYRD v. THE TRUSTEES OF WATTS HOSPITAL, INC. AND/OR WATTS HOSPITAL, INCORPORATED; DR. OCTAVIO POLANCO; AND DR. JAMES S. WILSON

No. 7515SC1072

(Filed 2 June 1976)

Rules of Civil Procedure § 4— summons and complaint unserved — action discontinued — service by publication — no revival of action

　　Where an original summons was issued and complaint filed in February 1969 but both were returned unserved as to defendant

Polanco, the action was discontinued as to him, since plaintiff failed to obtain service in some manner, or obtain an alias or pluries summons, or endorsement as provided by Rule 4(e)(1) or (2) within 90 days after the issuance of the original summons; and plaintiff's effort to serve process by publication which occurred in October 1974 did not revive the action.

APPEAL by plaintiff and defendant Dr. Octavio Polanco from *Barbee, Judge.* Order entered 4 November 1975 in Superior Court, ORANGE County. Heard in the Court of Appeals 13 April 1976.

In this action plaintiff seeks to recover damages for improper medical treatment allegedly rendered by defendant Polanco while serving as an employee of defendant hospital and under the supervision of defendant Wilson. The record discloses the following proceedings:

1. Summons was issued for all defendants, and order extending time for filing complaint was entered, on 24 January 1969.

2. The summons was returned showing personal service on defendants hospital and Wilson on 4 February 1969. As to defendant Polanco, the return stated that he was not to be found in Durham County.

3. Complaint was filed on 12 February 1969. Order to serve complaint was returned by the sheriff on 20 February 1969 reciting service on defendants hospital and Wilson. As to defendant Polanco, the return stated that he could not be found in Durham County and was in South America.

4. On 8 May 1972 Attorney Marshall T. Spears, Jr., representing defendant Wilson, filed a motion requesting a postponement of the trial of the action due to the necessity of having defendant Polanco present at the trial. The motion stated that defendant Polanco at that time was receiving specialized training at a hospital in London, England, and planned to return to the United States late in the summer of 1972.

5. On 23 October 1973 a summons was issued for defendant Polanco. It was returned by the Sheriff of Durham County on 26 October 1973 with notation that said defendant could not be found in said county. (While filed as a part of the record on appeal, this summons inadvertently was not printed as a part of the record.)

6. On 17 December 1974 a certificate and affidavit of publication were filed. They recited that a notice of service of process by publication to defendant Polanco, dated 16 October 1974 and requiring him to defend the action by 29 November 1974, was published in The Chapel Hill Newspaper in the issues of 16, 23, and 30 October 1974. The affidavit was accompanied by a certificate by plaintiff's attorney that a copy had been mailed to Attorney Spears.

7. On 2 December 1974 Attorney Spears, purporting to act for defendant Polanco for the sole purpose of moving that the claim as to said defendant be dismissed, filed a motion asking for dismissal on the ground that the attempted service was not sufficient and the court did not obtain jurisdiction over the person of said defendant.

8. On 25 August 1975 counsel for plaintiff filed a motion pursuant to G.S. 84-11 asking that Attorney Spears be required to produce and file with the court a document signed by defendant Polanco or someone else duly authorized, giving him power or authority to appear for said defendant.

9. On 18 September 1975 Judge Canaday entered an order requiring Attorney Spears to produce and file by 27 October 1975 a written authorization from defendant Polanco to appear as his attorney.

10. On 28 October 1975, at the request of plaintiff's counsel, an assistant clerk of the superior court entered a default against defendant Polanco.

11. On 30 October 1975 defendant hospital, through its Attorney F. Gordon Battle, filed a motion asking that the action as to defendant Polanco be dismissed for lack of proper service of process and that the purported service of process by publication be quashed.

12. On 3 November 1975 a paper writing signed by defendant Polanco, dated 30 October 1975, authorizing the firm of Newsom, Graham, Strayhorn, Hedrick, Murray & Bryson to represent him in this action, was filed.

13. On 5 November 1975 an order dated 4 November 1975 was filed. It recites that a hearing was held on (1) the motions of defendant Polanco to dismiss the claim against him or, in the alternative, to quash the service of process, and (2) the

oral motion of plaintiff for judgment against defendant Polanco by default. The order further recites that after hearing argument of counsel and after due deliberation and consideration of the record proper, the court, in its discretion and in the interest of justice, allowed the law firm of Newsom, Graham, Strayhorn, Hedrick, Murray & Bryson to adopt the motions previously filed on behalf of defendant Polanco to dismiss the claim asserted against him or, in lieu thereof, to quash the service of process.

The court "ORDERED, ADJUDGED and DECREED" that defendant Polanco's motion to dismiss or quash the service of process be denied, and that the entry of default against defendant Polanco be vacated and set aside.

Plaintiff and defendant Polanco appealed.

*Cooper, Dodd and Hood, by William B. Garrison, Jr., for plaintiff appellee.*

*Newsom, Graham, Strayhorn, Hedrick, Murray & Bryson, by E. C. Bryson, Jr., for defendant appellant.*

BRITT, Judge.

### DEFENDANT POLANCO'S APPEAL

Defendant Polanco excepted to, and assigns as error, that part of the order denying his motion to dismiss the action as to him, or, in the alternative, to quash the service of process by publication. We think the trial court erred in denying defendant Polanco's motion to quash the purported service of process by publication.

G.S. 1A-1, Rule 4(d) and (e), provide in pertinent part as follows:

(d) *Summons — extension; endorsement, alias and pluries.*—When any defendant in a civil action is not served within the time allowed for service, the action may be continued in existence as to such defendant by either of the following methods of extension:

(1) The plaintiff may secure an endorsement upon the original summons for an extension of time within which to complete service of process. Return of the summons so endorsed shall be in the same manner as

the original process. Such endorsement may be secured within 90 days after the issuance of summons or the date of the last prior endorsement, or

(2) The plaintiff may sue out an alias or pluries summons returnable in the same manner as the original process. Such alias or pluries summons may be sued out at any time within 90 days after the date of issue of the last preceding summons in the chain of summonses or within 90 days of the last prior endorsement.

\* \* \*

(e) *Summons—discontinuance.*—When there is neither endorsement by the clerk nor issuance of alias or pluries summons within the time specified in Rule 4(d), *the action is discontinued as to any defendant not theretofore served with summons within the time allowed.* Thereafter, alias or pluries summons may issue, or an extension be endorsed by the clerk, but, as to such defendant, the action shall be deemed to have commenced on the date of such issuance or endorsement. (Emphasis added.)

Defendant Polanco contends that at the time plaintiff sought to obtain service of process on him by publication, the action as to him had been discontinued, and that the *only* way the pending action could be revived as to him would have been by issuance of alias or pluries summons or by an extension endorsed by the clerk. In our view, defendant's contention is supported by Rule 4(d) and (e) quoted above and we find no other provision in Rule 4 or any other rule or statute that alters the contention.

The record discloses that original summons was issued and complaint filed in February 1969. Both were returned unserved as to defendant Polanco. When plaintiff failed to obtain service in some manner, or obtain an alias or pluries summons, or endorsement as provided by Rule 4(d)(1) or (2) within 90 days after the issuance of the original summons, the action was discontinued as to him. Assuming, *arguendo,* that the action was revived by issuance of the 23 October 1973 summons, the action was discontinued again 90 days after 23 October 1973. Plaintiff's effort to serve process by publication occurred in October 1974.

In *McCoy v. McCoy,* 29 N.C. App. 109, 223 S.E. 2d 513 (1976), this court held that issuance of a summons is not essen-

tial to validity of service of process by publication made pursuant to G.S. 1A-1, Rule 4 (j) (9) (c) upon a party to a civil action whose address, whereabouts, dwelling house, or usual place of abode is unknown and cannot with due diligence be ascertained. We find it easy to distinguish *McCoy* from the instant case. In *McCoy*, the defendant was served with process by publication immediately after the action was instituted; here, the action had abated at the time plaintiff attempted service by publication. Before plaintiff here could obtain service by publication he first had to revive the action, and that revival could be accomplished only by the issuance of alias or pluries summons or endorsement of the last valid summons.

G.S. 1A-1, Rule 3, requires that something be done in the clerk's office to *commence* an action—file the complaint or obtain a summons and order extending time to file the complaint. We think Rule 4(e) mandates that something be done in the clerk's office to *revive* a discontinued action—obtain an alias or pluries summons or an endorsement to the original summons.

In his brief, plaintiff argues with respect to tolling of the statute of limitations because of defendant Polanco's absence from the state. That question is not before us on this appeal. The provision of the order appealed from denying defendant Polanco's motion to quash the purported service of process by publication is reversed.

## PLAINTIFF'S APPEAL

Plaintiff assigns as error the trial court's setting aside the entry of default against defendant Polanco. We find no merit in this assignment. While the action of the trial court is fully supported by several of the reasons stated in the order, the action is clearly justified by our holding on defendant Polanco's appeal.

Plaintiff contends the trial court erred in allowing the law firm of Newsom, Graham, Strayhorn, Hedrick, Murray & Bryson to adopt the motions previously filed on behalf of defendant Polanco by Attorneys Spears and Battle. We find no merit in this contention.

In the first place the only exceptions by plaintiff to this action by the court are set forth in the record where plaintiff groups his exceptions and assignments of error. There is nothing in the record to indicate that at any point during the hearing

plaintiff objected to the appearance of defendants' present counsel or the granting of their request that their client be allowed to adopt the motions previously filed on his behalf.

In the second place, under the facts appearing, we think the matter rested in the sound discretion of the trial judge and that there was no abuse of discretion.

\*          \*          \*

With respect to plaintiff's appeal, the order is affirmed.

With respect to defendant Polanco's appeal, the provision of the order denying his motion to quash the purported service of process by publication is reversed.

This cause is remanded for further proceedings not inconsistent with this opinion.

Judges VAUGHN and ARNOLD concur.