J. THOMAS BROWN, JR., ADMINISTRATOR OF THE ESTATE OF RANDOLPH HENDRICKS, DECEASED v. RANDY SHERWOOD OVERBY

No. 828SC395

(Filed 15 March 1983)

**Rules of Civil Procedure § 4— alias and pluries summons unserved—action discontinued—service by publication—no revival of action**

> Where the last alias and pluries summons, issued on 23 April 1981, was not served within 90 days, the action was discontinued pursuant to G.S. 1A-1, Rule 4(d) and (e), and plaintiff's service of process by publication beginning on 16 September 1981 did not revive the action.

APPEAL by defendant from *Llewellyn, Judge.* Order entered 1 March 1982 in Superior Court, WAYNE County. Heard in the Court of Appeals 17 February 1983.

This is a civil action wherein plaintiff, the administrator of the estate of Randolph Hendricks, seeks to recover damages for the wrongful death of his intestate. Following entry of default against defendant, a trial was held and judgment was entered setting damages at $10,000.00.

The record discloses the following chronology of events: On 27 September 1979, Randolph Hendricks, a 63-year-old pedestrian,was struck by an automobile allegedly operated by the defendant. Hendricks sustained severe injuries from the collision and died three days later. Plaintiff filed this wrongful death action against defendant on 12 September 1980. The summons issued that same day was returned unserved by the sheriff bearing the notation "Randy Sherwood Overby has moved." Alias and pluries summonses were issued thereafter on 30 October 1980, 15 December 1980, and 23 April 1981, and each was returned unserved because the sheriff was unable to locate the defendant. Service of process by publication then was attempted by notices appearing in the Goldsboro News-Argus on 16 September, 23 September, and 30 September 1981. Plaintiff's attorney filed an affidavit on 6 November 1981 showing that "service by publication was necessary due to the fact that the plaintiff did not know defendant's whereabouts; that a publisher's affidavit has been filed." An entry of default was made by the Clerk of Superior Court of Wayne County on 6 November 1981 because of the defendant's failure "to plead." Thereafter the case was duly calendared for

trial and a default judgment awarding plaintiff $10,000 in damages was entered against the defendant. On 9 and 10 February 1982, the defendant filed the following motions: (1) to quash the "purported" service of process by publication on grounds that the action had been discontinued before the attempt to serve him by publication and that the defendant's "usual place of abode . . . could, with due diligence, be ascertained"; (2) to dismiss the action for insufficiency of service of process on the same grounds; (3) to set aside the entry of default for lack of jurisdiction "for the reason that process was not served on Randy Sherwood Overby [the defendant] in accordance with Rule 4 of the Rules of Civil Procedure"; and (4) to set aside the entry of default, entry of judgment, and default judgment for lack of jurisdiction, because the plaintiff failed to file a bond as required by Rule 55(c), and because the defendant was unaware the plaintiff had attempted to serve him by publication.

From an order denying all of these motions, defendant appealed.

*Duke and Brown, by John E. Duke, for the plaintiff-appellee.*

*Dees, Dees, Smith, Powell & Jarrett, by William W. Smith and Tommy W. Jarrett, for the defendant-appellant.*

HEDRICK, Judge.

All of defendant's assignments of error raise the one question of whether service by publication on 16 September 1981 revived an otherwise discontinued action. The chronology of events heretofore set out discloses that the last alias and pluries summons, issued on 23 April 1981, was not served within 90 days, so the action was discontinued pursuant to N.C. Gen. Stat. § 1A-1, Rule 4(d), (e). Stated differently, the only question raised on this appeal is whether the commencement of service by publication pursuant to N.C. Gen. Stat. § 1A-1, Rule 4(j)(1) is sufficient to satisfy the requirements of N.C. Gen. Stat. § 1A-1, Rule 4(e), which allows that, "the action shall be deemed to have commenced on the date of such issuance . . ." after the original action has been discontinued.

We are constrained to hold that the present case is controlled by *Byrd v. Watts Hospital,* 29 N.C. App. 564, 225 S.E. 2d

329 (1976), wherein the facts are practically identical. In *Byrd*, service by publication was made on one defendant over 90 days after the previous summons to him had been issued and returned unserved. Default judgment was entered against that defendant when he did not appeal. The Court of Appeals reversed for insufficiency of service of process. In writing for a unanimous panel of this Court, Judge Britt stated:

> . . . here, the action had abated at the time plaintiff attempted service by publication. Before plaintiff here could obtain service by publication he first had to revive the action, and that revival could be accomplished only by the issuance of alias or pluries summons or endorsement of the last valid summons.
>
>         . . . We think Rule 4(e) mandates that something be done in the clerk's office to *revive* a discontinued action — obtain an alias or pluries summons or an endorsement to the original summons. (Emphasis in original.)

29 N.C. App. at 569, 225 S.E. 2d at 331-332.

The order appealed from is reversed.

Judges WHICHARD and BRASWELL concur.