COUNTY OF WAYNE EX REL. RUBY MAE WILLIAMS v. MICHAEL ANTHONY WHITLEY

No. 848DC454

(Filed 28 December 1984)

1. **Rules of Civil Procedure § 4.1— service by publication—no alias or pluries summons**

In personam jurisdiction may be obtained over a defendant through service of process by publication .within 90 days of the issuance of the original

summons, but before the issuance of an alias or pluries summons, if some action is taken by the plaintiff within five days of the filing of the complaint to commence the action and to insure that some method of service of process is begun, if some further action is taken within 90 days of the issuance of the original summons to prevent the action from abating, and if the circumstances warrant service by publication. G.S. 1A-1, Rule 60(b)(4).

**2. Rules of Civil Procedure § 4.1 — service by publication insufficient**

*In personam* jurisdiction was not obtained by service of process by publication under G.S. 1A-1, Rule 4(j1) where the affidavit did not allege facts showing that defendant with due diligence could not have been personally served and where the notice of service of process was published in a Goldsboro paper even though defendant's last address was in Kansas. G.S. 1A-1, Rule 60(b)(4).

APPEAL by defendant from *Exum, Judge.* Order entered 5 March 1984 *nunc pro tunc* 24 February 1984, in District Court, WAYNE County. Heard in the Court of Appeals on 7 December 1984.

*Baddour, Lancaster, Parker & Hine by E. B. Borden Parker for plaintiff appellee.*

*Duke and Brown by John E. Duke for defendant appellant.*

BRASWELL, Judge.

This case presents the question: Can *in personam* jurisdiction be obtained over a defendant through service of process by publication within ninety days of the issuance of the original summons, but before any issuance of an alias or pluries summons? We hold that it can. However, because the service of process by publication under G.S. 1A-1, Rule 4(j1) was insufficient in this case, jurisdiction over the defendant was not obtained and the judgment entered against him is void.

This civil action was commenced by the filing of a verified complaint and the issuance of a summons on 12 January 1979. The plaintiff sued the defendant to have him declared the father of a minor child, Pamela Williams, and to have him ordered to pay reasonable support for the child.

The summons was issued to the defendant at his address in Fort Leavenworth, Kansas, but was returned unserved. Thereafter, on 21, 28 March 1979 and 4 April 1979, without first having

the original summons endorsed or an alias or pluries summons issued, the plaintiff ran a "Notice of Service of Process by Publication" in the *Goldsboro News-Argus*. The plaintiff filed an affidavit dated 18 May 1979 stating that the defendant had been served by publication according to G.S. 1-597. One year and one month later, on 18 June 1980, District Court Judge Kenneth Ellis entered an order against the defendant finding that the defendant had been properly served by publication, adjudging the defendant the father of Pamela Williams, and ordering him to pay $150 a month for her support.

The defendant on 19 October 1983 specially appeared and filed a G.S. 1A-1, Rule 60(b)(4) motion seeking to have the order declared void and vacated for lack of *in personam* jurisdiction due to insufficient service of process. On 24 February 1984 District Court Judge Patrick Exum, on the basis of *McCoy v. McCoy*, 29 N.C. App. 109, 223 S.E. 2d 513 (1976), cited in his order, denied the defendant's motion to vacate. From that order, the defendant has appealed.

A G.S. 1A-1, Rule 60(b)(4) motion seeks relief from a final judgment or order which is void. This motion is addressed to the sound discretion of the court. The scope of our review on appeal is limited to determining whether the court abused its discretion when it denied the defendant's motion. *Sink v. Easter*, 288 N.C. 183, 217 S.E. 2d 532 (1975). *But see Carter v. Carr*, 68 N.C. App. 23, 314 S.E. 2d 281, *disc. rev. allowed*, 311 N.C. 751 (1984). If a judgment or an order is rendered without an essential element such as jurisdiction or proper service of process, it is void. *Wynne v. Conrad*, 220 N.C. 355, 17 S.E. 2d 514 (1941).

[1] To determine whether *in personam* jurisdiction was obtained over the defendant through the method of service of process used in this case, we must analyze our facts in relation to the rules having to do with the issuance of a summons and service by publication that have already been established. Under G.S. 1A-1, Rule 4(a), summons must be issued within five days of the filing of the complaint. Where a complaint has been filed and a proper summons does not issue within the five days allowed under the rule, the action is deemed never to have commenced. *Everhart v. Sowers*, 63 N.C. App. 747, 306 S.E. 2d 472 (1983).

The summons must be served within thirty days after the date of the issuance of the summons. G.S. 1A-1, Rule 4(c). How-

ever, the failure to make service within the time allowed does not invalidate the summons. The action may continue to exist as to the unserved defendant by two methods. First, within ninety days after the issuance of the summons or the date of the last prior endorsement, the plaintiff may secure an endorsement upon the original summons for an extension of time within which to complete service of process. Secondly, the plaintiff may sue out an alias or pluries summons at any time within ninety days after the date of issue of the last preceding summons in the chain of summonses or within ninety days of the last prior endorsement. G.S. 1A-1, Rule 4(d)(1) and (2). Thus, a summons that is not served within the thirty-day period becomes dormant and cannot effect service over the defendant, but may be revived by either of these two methods. If the ninety-day period expires without the summons being served within the first thirty days or revived within the remaining sixty days, the action is discontinued. If a new summons is issued, it begins a new action. G.S. 1A-1, Rule 4(e).

In *McCoy v. McCoy, supra*, this Court held that the issuance of a summons is not essential to the validity of service of process by publication as to a defendant whose usual place of abode is unknown and cannot be ascertained with due diligence. In that case the plaintiff-wife had filed her verified complaint on 13 June 1975 and began service of process by publication on 16 June 1975. *Id.* at 109-10, 223 S.E. 2d at 514.

However, this Court in *Byrd v. Watts Hospital*, 29 N.C. App. 564, 225 S.E. 2d 329 (1976) and again in *Brown v. Overby*, 61 N.C. App. 329, 300 S.E. 2d 565 (1983), held that service by publication, begun more than ninety days after the last alias and pluries summons, did not revive an otherwise discontinued action. Judge Hedrick in *Brown* quoted the following explanatory text from *Byrd*:

> ". . . here, the action had abated at the time plaintiff attempted service by publication. Before plaintiff here could obtain service by publication he first had to revive the action, and that revival could be accomplished only by the issuance of alias or pluries summons or endorsement of the last valid summons.
>
> . . . We think Rule 4(e) mandates that something be done in the clerk's office to *revive* a discontinued action—obtain an

alias or pluries summons or an endorsement to the original summons. (Emphasis in original)."

*Id.* at 331, 300 S.E. 2d at 566-67, *quoting Byrd, supra,* at 569, 225 S.E. 2d at 331-32.

Our facts show that the plaintiff had a summons issued within five days of the filing of the complaint. Thus, the action did in fact commence. When this summons was not served within thirty days of its issuance, it became dormant or unservable, but nevertheless was not invalidated according to G.S. 1A-1, Rule 4(c) and was subject to being revived under the two methods under Rule 4(d). However, rather than have the original summons endorsed or sue out an alias or pluries summons, the plaintiff approximately sixty-eight days from the issuance of the summons began service of process by publication. Thus, like *McCoy* and contrary to *Byrd* and *Brown,* at the time the service by publication was begun, the action had not abated nor had it been discontinued.

Furthermore, although Rule 4 does not specifically answer the question presented in this case, it does clearly provide that a summons not served within the thirty-day period is not "invalidated" and that an action is not deemed "discontinued" until after ninety days from the date of the issuance of the original summons, its endorsement, or from the issuance of an alias or pluries summons. Since it is clear that the plaintiff's cause of action had not yet abated, we hold that service by publication could be had by the plaintiff without first having an alias or pluries summons issued.

We agree with the holdings of *Byrd* and *Brown* that something must be done by the plaintiff to keep his cause of action alive within the ninety-day period until some type of service can be had over the defendant. If the ninety-day period passes without any action on the part of the plaintiff and the cause of action is discontinued, then no endorsement, issuance of an alias or pluries summons, or service of process by publication can revive the action. However, if the circumstances are such to justify service of process by publication (in other words, even with due diligence the defendant cannot be personally served) and the plaintiff's cause of action has not yet abated, then as this Court indicated in *McCoy,* we see no reason to require the "useless for-

mality" of having an alias or pluries summons issued. *McCoy, supra*, at 111, 223 S.E. 2d at 515.

In order to counter arguments that the holding in this case will foster an abuse of Rule 4, we reiterate that: (1) some action must be taken by the plaintiff within five days of the filing of the complaint to commence the action and to insure some method of service of process is begun; (2) some further action must be taken by the plaintiff within ninety days of the issuance of the original summons to prevent his action from abating; and (3) if the plaintiff does choose to serve the defendant at some time by publication the circumstances must warrant this step as provided under the traditional rules governing the use of service of process by publication.

[2]   With this in mind, we now must determine whether the circumstances of this case did in fact warrant the use of service by publication and whether the service of process by publication attempted was properly carried out pursuant to G.S. 1A-1, Rule 4(j1). This section of Rule 4 states that

> A party that cannot with due diligence be served by personal delivery or registered or certified mail may be served by publication. Service of process by publication shall consist of publishing a notice of service of process by publication once a week for three successive weeks in a newspaper that is qualified for legal advertising . . . and *circulated in the area where the party to be served is believed by the serving party to be located,* or if there is no reliable information concerning the location of the party then in a newspaper circulated in the county where the action is pending. . . . Upon completion of such service there shall be filed with the court an affidavit *showing . . . the circumstances warranting the use of service by publication.* . . . (Emphasis added).

G.S. 1A-1, Rule 4(j1). In the first place, the plaintiff's affidavit clearly states that the defendant's last address was in Kansas. Even though that was where the defendant was thought to be, the notice of service of process was published only in a Goldsboro paper. Thus, the place where the notice was published and circulated was insufficient under the requirements of Rule 4(j1).

Secondly, the affidavit does not state the circumstances warranting the use of service by publication as required by Rule 4.

The affidavit does not allege any facts showing that the defendant with due diligence could not be personally served. Because service of process by publication is in derogation of the common law, statutes authorizing it must be strictly construed both as grants of authority and in determining whether service has been made in conformity with the statute. *Emanuel v. Fellows,* 47 N.C. App. 340, 267 S.E. 2d 368, *disc. rev. denied,* 301 N.C. 87 (1980). Thus, strictly construing the plaintiff's attempt of service by publication, we hold that it did not sufficiently conform to the requirements of G.S. 1A-1, Rule 4(j1) so as to confer jurisdiction over the defendant to any North Carolina Court. We further hold that because *in personam* jurisdiction was not obtained over the defendant, the paternity and custody order was void. Judge Exum therefore abused his discretion by denying the defendant's Rule 60(b)(4) motion. We reverse the 24 February 1984 order which denied the Rule 60(b)(4) motion and vacate the 18 June 1980 paternity and custody order.

Reversed and vacated.

Judges BECTON and JOHNSON concur.